IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Action No. 11-cr-00033-REB

UNITED STATES OF AMERICA ,

    Plaintiff,

v.

1.  LUIS RAUL AGUAYO-CASTRO,
2.  EDGAR CASTRO-MOTTA,
3.  NANCY MARCELA CASTRO-MOTTA,
4.  EDGAR ROLANDO LINARES-CEVALLOS, and
5.  TREVOR WAYNE YEAGER,

    Defendants.

## ORDER MARSHALING
## EXPERT WITNESS DISCOVERY AND TESTIMONY

**Blackburn, J.**

At a hearing on March 28, 2011, the court and counsel discussed, *inter alia*, some of the issues anticipated to be raised by at least some of the defendants concerning the existing and anticipated discovery and opinions relating to the government's anticipated expert witness or witnesses. This order is entered to provide a reasonable procedure to address the issues concerning expert testimony in this case.

**THEREFORE, IT IS ORDERED** as follows:

1. That in order to resolve pretrial issues implicating Fed.R.Evid. 702, the following procedural protocol shall be used:

    a. That expert reports and summaries from any expert of the government shall conform to the requirements of Fed. R. Crim. P. 16(a)(1)(G) and shall be disclosed

to the defendants by April 4, 2011;

  b. That all motions raising issues under Fed.R.Evid. 702, as codified and construed, shall be filed by the defendants by May 9, 2011;

  c. That for each putative expert witness with respect to whom the movant objects for any reason, the movant shall provide the following:

   1. whether the movant contends that the testimony of the expert is unnecessary or irrelevant; and if so, why;

   2. whether the movant objects to the qualifications of the witness; and if so, why (stated in detail); and

   3. whether the movant objects to any opinion to be offered by the expert; and if so:

    a. which opinion; and

    b. the specific basis for any objection stated and presented in terms of Fed.R.Evid. 401, 402, and/or 403 and/or 702(1), (2), or (3), i.e., whether the objection impugns the relevance or probativity of the opinion, whether the objection impugns the sufficiency of the facts and data used in support of the opinion, whether the objection impugns the principles and methods on which the expert relied in support of the opinion, or whether the objection impugns how the expert has applied the principles and methods reliably to the facts of the case relevant to the opinion; and

  d. That for each putative expert witness whose necessity, qualifications, or opinions are opposed by the movant, the government shall provide in response to the motion the following by May 20, 2011:

   1. a c.v. for the expert;

        2. a statement of each opinion to be offered by the expert that is opposed by the movant; and

        3. the relevance and bases for each allegedly objectionable statement or opinion to be offered by the expert, including

           a. the facts or data on which the expert relied in support of the opinion made the focus and subject of objection;

           b. the principles and methods on which the expert relied in support of the opinion made the focus and subject of objection; and

           c. how the expert has applied the principles and methods reliably to the facts of the case relevant to the opinion made the focus and subject of objection; and

    2.  That based on any motion and its corresponding response, the court may

        a. rule on the papers;

        b. require additional briefing;

        c. schedule an evidentiary hearing; or

        d. schedule oral argument.

Dated March 29, 2011, at Denver, Colorado.

                                          **BY THE COURT:**

                                          */s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge