**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 11-cr-33-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. LUIS RAUL AGUAYO-CASTRO,
2. EDGAR CASTRO-MOTTA,
3. NANCY MARCELA CASTRO-MOTTA,
4. EDGAR ROLANDO LINARES-CEVALLOS, and
5. TREVOR WAYNE YEAGER,

    Defendants.

_____

**PROTECTIVE ORDER REGARDING JENCKS ACT MATERIAL
AND RULE 16 MATERIAL**
_____

**Blackburn, J.**

    The matter before the court is the **Government's Motion for a Protective Order For Jencks Act and Rule 16 Material** [#195][1] filed August 29, 2011, concerning the use, custody, and circulation of Jencks Act material and Fed. R. Crim. P. 16 material disclosed in relation to the above captioned case as to the above named defendant. *See* Title 18 U.S.C. § 3500; Fed. R. Crim. P. 16(a)(2) and 26.2; Giglio v. United States, 405 U.S. 150 (1972); United States v. Ruiz, 536 U.S. 622, 631-32; 122 S.Ct. 2450, 2456-57 (2002)(upholding the right of the Government to withhold confidential informant

---

[1] "[#195]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

information in the context of plea bargaining before trial). The motion is unopposed by Edgar Castro-Motta and Nancy Marcela Castro-Motta, the only defendants who have not filed notices of disposition.

For good cause, the Court may enter a protective order regulating discovery in a criminal case pursuant to Fed. R. Crim. P. 16(d) and the All Writs Act, Title 28 U.S.C. § 1651.

The Court is familiar with the file in this case and has reviewed the motion. The Government has expressed concerns that the Jencks Act protected documents, such as witness statements and reports of statements of witnesses or persons assisting law enforcement, shall not be left in the exclusive custody of the defendant, citing concerns for witness safety that could stem from the unauthorized publication, duplication, or circulation of certain written documents. Similar concerns have been expressed about the use of photographs of persons cooperating with law enforcement, possibly to include some former co-conspirators who subsequently make themselves available as government witnesses, and the use of personal identifying information that may be disclosed to the defense. In the context of pretrial discovery, the Court finds and concludes that the concerns expressed have merit. Accordingly, the Government's Motion shall be granted at this time. Being now sufficiently advised in the premises, the Court finds and concludes it is in the best interests of justice to grant the Government's Motion for Protective Order.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Government's Motion for a Protective Order For Jencks Act and**

**Rule 16 Material** [#195] filed August 29, 2011, is **GRANTED**;

      2.  That the Jencks Act material, to include witness statements and reports of witness statements or debriefings,  and Fed. R. Crim. P. 16 material, to include photographs and personal identifying information, furnished to the defense in this case shall be used for official purposes related to judicial proceedings in this case only;

      3.  That Jencks Act material such as reports of statements by witnesses, reports of witness statements or debriefings, recordings or transcripts of witness statements or testimony shall remain in the physical custody and control of the defense attorneys who have entered their appearance in this case and the confidential employees of such defense attorneys;

      4.  That such Jencks Act material shall not be left in the exclusive custody of the defendant; provided, however, that the defendant and other persons assisting the attorneys for the defendant may review the Jencks Act material, but such review must be accomplished without violating the rule that the Jencks Act material is to remain, at all times, under the custody and physical control of the attorneys, either personally or through the custody and control of confidential employees of the attorneys;

      5.  That the same custodial guidelines shall apply to the use of photographs of persons and personal identifying information provided to the defense pursuant to Rule 16;

      6.  That unless the attorneys for the defense and the Government come to a specific understanding to the contrary, the Jencks Act material and Rule 16 material disclosed to the defense, to include disclosure made through the use of electronic media, shall not be copied, reproduced, published, or publicly circulated by the defense

without further order of Court or until its use in judicial proceedings at time of trial or in official hearings or proceedings related to this case;

      7.  That in the event the defense and the Government agree that certain documents should be exempted from the limits otherwise imposed by this Order,  they may do so by mutual agreement;

      8.  That in the event that the defense and the Government disagree or are unclear about the meaning or application of this Order with respect to some document or photograph, the parties may bring the issue to the attention of the Court; and

      9.  That at the conclusion of the case, the described Jencks Act material, personal identifying information, and photographs shall be returned to the Government.

      Dated August 30, 2011, at Denver, Colorado.

**BY THE COURT:**

/s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge